[t CARAWAY, J.
In these consolidated proceedings, defendant entered two no contest pleas to charges of sexual battery, a violation of La. R.S. 14:43.1, and distribution of Schedule IV Controlled Dangerous Substance, a violation of La. R.S. 40:969. The trial court sentenced defendant to five years at hard labor without benefits for sexual battery and fifteen years at hard labor for distribution of a CDS, ten years of which was suspended, and a portion of which was to be served without benefits. After a hearing on defendant’s motion to reconsider sentence which was denied by the trial court, defendant appealed his sentence. Although we affirm the convictions, we find error in the sentencing of defendant, reverse the sentences and remand.

Facts and Procedural History

The defendant was initially charged under a bill of information which provided as follows:
Roger David New, Sr. committed the offense of distribution of Schedule IV controlled dangerous substance, as set forth in R.S. 40:969, in that he/she did knowingly and intentionally distribute a Schedule IV, non-narcotic controlled Dangerous Substance, to — wit: Tema-zepam, ...
He was later charged under a separate bill of information with the crime of sexual battery.
The matters of record show that the victim, C.M., was seventeen years old at the time of the offense. The defendant, Roger David New, Sr., was fifty-two years old. C.M. was a friend of New’s children. On the day before the incident, C.M. accompanied New to Monroe in his truck to *973 look for wallpaper in connection with a remodeling project they were both working on. They | ¿returned together and went to New’s house in Farmerville. The defendant put a mattress down on the living room floor for C.M. to sleep on. New admitted that he offered C.M. one of his prescription sleeping pills, which she took. C.M. told the police that she went to sleep at the defendant’s house at about 1:00 a.m. and woke up when she felt the defendant sexually assaulting her. Nevertheless, out of fear, she acted as though she was still sleeping. Once the defendant fell asleep, C.M. left his house and went to the defendant’s ex-wife’s house next door and reported the crime. The record reflects that fluid samples taken from the victim tested positive for New’s DNA. The substance of the pill that New gave C.M. was determined to contain Temazepam, a Schedule IV CDS.
On April 22, 2003, New entered no contest pleas to both charges. At that hearing, the trial court advised New that he was charged with distribution of a CDS and subject to a sentence exposure of ten years and a maximum fine of $15,000. He was advised that the second charge of sexual battery involved a sentence exposure of not more than ten years and compliance with the Sex Offender Registration Law.
In the descriptions of the crimes to the court at the Boykin hearing, the assistant district attorney (ADA) stated:
The — Schedule IV was one pill, it was a sleeping pill that he administered to this young lady and thereafter had the sexual battery contact with her.
Later, in the ADA’s description of the crimes and the lab rape kit test, the following exchange occurred:
ADA: ... The analysis came back showing Mr. New’s DNA was present in her and on her clothes.
|STHE COURT: All right, in an area that would fit the sexual battery charge? ADA: Yes, Your Honor.
Finally, the crucial plea exchange between the defendant and the court was as follows:
Q. How do you plead to the charge of Distribution of Schedule IV controlled dangerous substance?
A. No Contest.
The sentencing hearing occurred six weeks later. The trial court imposed the following sentences:
... On the Sexual Battery, five years at hard labor without benefit of probation, parole or suspension of sentence. On the Distribution of Schedule IV, fifteen years at hard labor, ten years of that is suspended. The first — the five years of that, two years of it is without benefit of parole, probation or suspension of sentence. So that’s a ten year hard labor sentence. Your probation is to begin upon your release from incarceration and you’ll be on parole for five years....
In this appeal, New argues, inter alia, that the trial court improperly imposed sentence under La. R.S. 40:969(D) instead of La. R.S. 40:969(B)(2), and that the sentences should have been imposed concurrently instead of consecutively.

Discussion

A thorough review of La. R.S. 40:969 shows that there are listed different crimes and sentences depending upon the defendant’s actions with the CDS. The confusion in this case comes from the distinctions between the separate crimes described in Subsections A and D as revealed in the following pertinent provisions of the statute:
|4A. Manufacture; distribution. Except as authorized by this part, it shall *974 be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule IV;
[[Image here]]
B. Penalties for violation of Subsection A. Any person who violates Subsection A with respect to
[[Image here]]
(2) Any other controlled dangerous substance classified in Schedule IV, except flunitrazepam, shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.
[[Image here]]
C. Possession....
D. Whoever, with the intent to commit a crime of violence as defined in R.S. 14:2(13)(j) against an individual, violates Subsection A of this Section by administering a controlled dangerous substance to a person who is unaware that the controlled dangerous substance has been or is being administered to him, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than forty years and may be fined not more than one hundred thousand dollars.
Although the bold captions for the subsections indicate only the crimes of distribution and possession, Subsection D is itself a clearly separate crime. From these provisions the distribution crime of Subsection A is changed and enhanced by Subsection D if the state proves that two additional elements of criminal conduct occurred. First, the state must show that “a crime of violence as defined in La. R.S. 14:2(13)(j)” was intended. Secondly, the element of distribution is changed to require an administration of the CDS to a person who is unaware that the CDS is being administered.
| sThe only crime of violence which is listed in La. R.S. 14:2(13)(j) is the crime of forcible rape. While the Criminal Code’s listing of crimes of violence under Article 2(13) includes the crime of sexual battery in Subsection (l), that crime is not the particular crime of violence enumerated in Subsection D of the Schedule IV CDS statute now in dispute. New’s no contest plea was for sexual battery and not forcible rape, and there was no statement that a rape of the victim actually occurred or was intended during the rendition of the factual basis for the crimes at the Boykin hearing.
Additionally, we also find the State’s articulation of the drug crime in the bill of information and during the plea colloquy to be deficient concerning the element of New’s administration of the sleeping pill to the victim while she was unaware that she was receiving such a CDS. The proof of that element in an actual trial admittedly would involve a factual interpretation of the extent of a victim’s awareness. Nevertheless, in this plea setting, where the crime of distribution of Subsection A is redefined in Subsection D, the record should reflect that the enhanced crime is clearly described as the crime for which the plea is given. Instead, the ADA and the trial court referred to the crime during the hearing as a distribution drug crime and not the surreptitious administration crime of Subsection D.
Finally, in a direct reference to the distribution crime, the trial court advised New at the hearing that the lesser ten-year penalty of Subsection B(2) would apply to the crime to which he pled. This statement of the sentence exposure was not corrected by the State. Accordingly, the defendant’s plea cannot be viewed as a *975 plea to the crime with enhanced punishment under | (¡Subsection D, and the sentence imposed by the trial court for the drug crime must be reversed.
New’s other assignment of error pertaining to the sentence is that the trial court erred in failing to follow the dictates of La. C. Cr. P. art. 883 [1] for the imposition of consecutive sentences. This court has interpreted Article 883 to require that particular justification from the evidence of record be given by the trial court for a judgment directing a consecutive sentence for crimes arising from a single course of conduct. State v. Mack, 37,174 (La.App.2d Cir.6/27/03), 850 So.2d 1035, writ denied, 03-2122 (La.1/16/04), 864 So.2d 628.
We first note in this case that the trial court’s pronouncement of the sentence quoted above did not specifically state that the sentences were to be served consecutively. We also find that the subject crimes did constitute part of a common scheme or plan, requiring the court’s particular justification for consecutive sentences. Therefore, in view of our ruling regarding the sentencing error for the drug crime and the relationship of both crimes, we reverse the sentences for both convictions and remand for resentencing.

Conclusion

The appellant’s convictions on both offenses are affirmed. The sentences for those convictions are reversed and the case is remanded for resentencing consistent with this opinion.
CONVICTIONS AFFIRMED; SENTENCES REVERSED; REMANDED.

. La. C. Cr. P. art. 883 provides, in pertinent part: If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.